DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Virgil Cochran appeals the judgment of the Summit County Common Pleas Court granting default judgment against him. We dismiss the appeal and remand the cause for further proceedings.
On November 4, 1996, appellees Nationwide Mutual Insurance Company and Ohio Color Plate Company filed a complaint against Cochran seeking monetary damages as the result of an automobile accident. On January 24, 1997, after receiving from the court an extension of time in which to respond, Cochran timely moved for a definite statement and to join his insurance company as a party defendant. The court never ruled on these motions. On April 18, 1997, plaintiffs-appellees moved for default judgment and the lower court granted it. This is the order from which Cochran appeals, claiming that default judgment was improperly granted because he had, with his January 24, 1997 motion, made an appearance before the court.
Cochran filed his notice of appeal with this court on May 13, 1997. However, on May 8, 1997, the lower court sua sponte found that the default judgment was improperly granted and thereby vacated its order. It set a hearing on the matter for May 16, 1997, which hearing apparently never came about due to Cochran's filing of this appeal.
Upon consideration, we find the judgment from which Cochran purports to appeal was vacated prior to the filing of this appeal. We therefore find this appeal premature and dismiss it accordingly. The cause is remanded for further proceedings.
Appeal dismissed and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _______________________________ DANIEL B. QUILLIN
FOR THE COURT
SLABY, P. J.
REECE, J. CONCUR.